**IN RE: TUTU WELLS CONTAMINATION LITIGATION RHODA J. HARTHMAN, et al., Plaintiffs**

**v.**

**TEXACO, INC., et al., Defendants**

**ESSO STANDARD OIL, S.A., LTD., et al., Third-Party Plaintiffs**

**v.**

**LAGA INDUSTRIES, LTD., et al., Third-Party Defendants**

**FOUR WINDS PARTNERSHIP, Plaintiff**

**v.**

**TEXACO CARIBBEAN, INC., et al., Defendants**

**ESSO STANDARD OIL, S.A., LTD., Counter-claimant and Third-Party Plaintiff**

**v.**

**LAGA INDUSTRIES, LTD., et al., Third-Party Defendants**

Master Docket File No. 1989-107,

Civil No. 89-220, Civil No. 89-224

District Court of the Virgin Islands

Div. of St. Thomas and St. John

December 27, 1994

184

WARREN B. COLE, ESQ., (HUNTER, COLIANNI, COLE & TURNER), Christiansted, St. Croix, V.I.

BROTMAN, *Judge*

IN RE: MATTER OF ABUSIVE CONDUCT OF WARREN B. COLE

## MEMORANDUM AND ORDER

Presently before the court is Warren B. Cole's motion for reconsideration and clarification of the court's December 12, 1994 memorandum and order imposing sanctions on Mr. Cole.[1] The court will address each of the bases Mr. Cole raises in arguing that the court should reconsider its earlier opinion.

■ Mr. Cole argues that the court's statement that no apology had been tendered and that the movant has shown no remorse is factually incorrect. The court apologizes for inadvertently overlooking Mr. Cole's in-court apology, and appreciates this being brought to its attention. Consequently, all references to an apology not being rendered are hereby stricken from the court's December 12, 1994 opinion. However, the court notes that Mr. Cole's apology to Ms. Moody was not made until after a year's time had elapsed since the conduct complained of, and only materialized during a court proceeding adjudicating the nature of Mr. Cole's behavior. The length of time which elapsed between the conduct and the apology, and the forum in which the apology was made, indicate that the court correctly determined that Mr. Cole failed to recognize the seriousness of the conduct in question.[2] In view of these facts, the court does not believe that Mr. Cole's apology warrants the mitigation of the sanctions previously imposed by the court.

■ Mr. Cole also argues that the sanctions imposed by the court are unnecessarily harsh. He alleges that the court's holding of a public hearing and its decision to publish the opinion impose

---

[1] The present opinion is based on the court's receipt and consideration of Mr. Cole's Motion for Reconsideration and Clarification, Ms. Moody's Opposition to the Motion, and Mr. Cole's Supplemental Memorandum in Support of Motion for Reconsideration and Clarification.

[2] Ms. Moody, in her opposition brief, questions the sincerity of Mr. Cole's in-court apology. Considering the court's comments above, the court finds it unnecessary to make an explicit finding as to whether or not Mr. Cole's apology was genuine.

severe punishment on the movant and his law firm, making the economic sanctions imposed by the court too severe for the conduct complained of. Mr. Cole also argues that persons convicted of crimes have received less onerous punishments than he.

The court disagrees with Mr. Cole's characterization of the sanctions as unnecessarily harsh. First, the court believes that the movant's comparison of his sanctions to the type of punishment imposed on convicted criminals is inappropriate. The conduct at issue does not relate to the criminal context, but instead directly violates the fundamental principles underlying the legal profession. When viewed in the proper context, the sanctions suit the conduct. Because Mr. Cole has violated at least four ethical duties imposed on members of the legal profession, and has offended a fundamental tenet of this bar and court that the "rule of law is grounded in respect for the dignity of the individual,"[3] the sanctions imposed by this court go directly to the heart of the misconduct and are carefully confined to affect Mr. Cole in his professional capacity. Upon further review, the court deems the sanctions imposed on Mr. Cole to be appropriate. However, the court does agree with Mr. Cole that it does not have the power to completely suspend an attorney from the practice of law in the Virgin Islands. Accordingly, the court's prior opinion is hereby amended to limit Mr. Cole's suspension to the District Court of the Virgin Islands.

Mr. Cole additionally argues that the court's references to gender bias were unjustified, unfair and prejudicial because no such allegations were made. It must be noted that the court neither made any findings of gender bias nor accused Mr. Cole of engaging in discriminatory conduct. The court affirmatively stated that Mr. Cole's "conduct of 'pantomiming masturbation,' in the sanctum of the courtroom, though clearly inappropriate and overtly sexual, is arguably not sexist of it self." The court did comment, however, that "the fact that [such conduct] . . . was directed to a female attorney raises the specter of gender bias and sexist animus." The court concluded that "[a]n attorney need not act in a manner that is legally cognizable as discrimination to

---

[3] *See* Preamble to the Code of Professional Responsibility.

breach the standard of ethics to which he is held, and bring dishonor to himself and the profession." Thus, the court merely raised its concern that such misconduct could be motivated by discriminatory feelings, without actually attributing any such discriminatory conduct or motivation to Mr. Cole. The context presented an appropriate opportunity for the court to raise issues of gender bias. Moreover, as is clear from the court's opinion the imposition of sanctions was unrelated to any references the court made regarding gender bias.[4]

## CONCLUSION

For the reasons stated in this opinion, Warren B. Cole's motion for reconsideration and clarification is granted in part and denied in part.

## ORDER

For reasons stated in the court's Memorandum Opinion of even date, it is hereby

ORDERED THAT all references with regard to an apology not being rendered are hereby stricken from the court's December 22, 1994 opinion; and

IT IS FURTHER ORDERED THAT Vincent Colianni's name is removed from the appearances listed in the December 12, 1994 opinion; and

IT IS FURTHER ORDERED THAT the court's December 12, 1994 opinion is amended to reflect that Warren B. Cole is suspended for one month from practicing law in the District Court of the Virgin Islands.

SO ORDERED.

---

[4]Mr. Cole additionally refers to a story published in the *St. Croix Avis* stating that the movant was sanctioned for gender bias as evidence of the prejudicial effect the court's opinion had on him. However, the court cannot be responsible for the misconceptions or embellishments made to its opinion by the press.